# Henry Glockner, Adm., etc., v. Wabash Railroad Co.

1. NEGLIGENCE—*Want of Care Precludes a Recovery.*—When a person of an age capable of discretion comes to his death partly from the want of care for his own safety and partly from the stubbornness of one of his horses. but from no failure of the defendant to discharge any duty which it owed to the deceased or the public, there can be no recovery.

Trespass on the Case.—Death from negligent act. Error to the Circuit Court of Macoupin County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

R. E. DORSEY and RINAKER & RINAKER, attorneys for plaintiff in error.

C. N. TRAVOUS, attorney for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

On the 5th of May, 1898, Paul Glockner, an employe of the Consolidated Coal Company, was struck and killed by a passenger train on the Wabash Railroad at Mt. Olive, Illinois. At mine No. 8 of the coal company, where he was killed, the railroad has one main track, and two side tracks on each side of the main track. Empty cars were delivered to the coal company on the side tracks north of the mine, and, when loaded, were delivered back to the railroad company for shipment on the south side of the side tracks. The cars for loading were pulled south to the shaft by means of a cable attached to a windlass operated by steam. In his employment, deceased was engaged with a team of horses in drawing out the cable when needed to be attached to the empty cars. He had been doing that kind of work for a year prior to the accident and was familiar with the manner in which the railroad ran its trains at that point and the dangers incident to the work in which he was engaged. Just before he was killed, he had driven his team north between the main track and adjoining side tracks

with the evident purpose of hooking the cable onto the empty cars standing on that side track. A local passenger train was at the time coming from the south at a speed of about fifty miles per hour. The whistle sounded for the station; deceased backed up the horses, unhooked them from the cable and turned them toward the south. In turning, he went upon the main track, but did not cross it, evidently intending to pass around the south side of the empty cars on the side track. Just as he was leaving the main track, one of the horses balked and backed. The train collided with them and killed both horses and the deceased.

The plaintiff in error, as administrator, then brought this suit. Upon the trial, the court instructed the jury to return a verdict for the defendant.

After a careful consideration of the evidence in the record, we are unable to see any just cause of action against the defendant company. We are satisfied that the whistle sounded and the bell was rung in obedience to the statutory requirement. The actions of the deceased show that he had ample warning of the approach of the train. He could have crossed the main track or got around the south end of the empty cars on the side track had it not been for one of the horses balking and backing. As soon as the engineer discovered his predicament, he blew the alarm whistle and applied the emergency brakes, but was going at such speed that he could not stop the train. The deceased came to his death partly from want of care for his own safety and partly from the stubbornness of one of his horses—certainly from no failure of the defendant to discharge any duty which it owed to the deceased or to the public. The Circuit Court properly directed a verdict for the defendant, therefore, and the judgment will be affirmed.